UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DEBORAH B.,

                     Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

_____

**DECISION AND ORDER**

1:18-CV-06881 EAW

## INTRODUCTION

Plaintiff Deborah B. ("Plaintiff") moves for attorney's fees in the amount of $27,308.91 pursuant to 42 U.S.C. § 406(b). (Dkt. 29). The Commissioner of Social Security ("the Commissioner") does not specifically object to the amount that Plaintiff seeks. (Dkt. 30). For the reasons discussed below, the Court grants Plaintiff's motion.

## BACKGROUND

On December 5, 2018, Plaintiff filed this action, seeking review of the Commissioner's final decision denying her application for Disability Insurance Benefits and Supplemental Security Income. (Dkt. 1). Plaintiff moved for judgment on the pleadings on June 24, 2019. (Dkt. 9). The Commissioner submitted a response and cross motion for judgment on the pleadings on September 20, 2019. (Dkt. 14). Plaintiff submitted a reply to Commissioner's response and cross motion for judgment on the pleadings on October 7, 2019. (Dkt. 17). This matter was assigned to the undersigned on October 17, 2019. (Dkt. 18). On March 25, 2020, the Court granted the Commissioner's

motion for judgment on the pleadings and denied Plaintiff's motion for judgment on the pleadings. (Dkt. 19).

Plaintiff appealed this Court's decision (*see* Dkt. 21), and on motion of the Commissioner, the United States Court of Appeals for the Second Circuit vacated this Court's judgment and instructed the Court to remand the matter to the Commissioner for further proceedings regarding Plaintiff's entitlement to benefits. (Dkt. 26). The Court entered judgment remanding the matter to Commissioner on March 31, 2021. (Dkt. 28).

By Stipulated Order entered March 2, 2021, the Court approved payment to Plaintiff's counsel of $6,136.02 for services performed in connection with this action, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Dkt. 25).

On February 28, 2022, the Commissioner issued a notice of award entitling Plaintiff to Social Security Disability Benefits. (Dkt. 29-3). On March 3, 2022, Plaintiff timely moved for attorney's fees pursuant to 42 U.S.C. § 406(b). (Dkt. 29; *see* Dkt. 30 at 2). The Commissioner filed a response, indicating that the Commissioner does not specifically object to the amount of Plaintiff's counsel's fee request. (*See generally* Dkt. 30).

## DISCUSSION

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due

benefits.   Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."  *Id.* (citing § 406(b)).  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id.*

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits.  "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17.   As such, the Commissioner's failure to oppose the motion is not dispositive.  *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).   Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a fee award constitutes a windfall, which would render a § 406(b) fee award unreasonable, the Court considers: (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijazaki*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, the requested fee of $27,308.91 represents the amount withheld by the Social Security Administration, which the Commissioner notes is not greater than 25 percent of the statutory cap.  (*See* Dkt. 29-1 at 1; Dkt. 30 at 4).  Plaintiff states the amount of total expected past-due benefits is $109,235.64 (Dkt. 29-1 at 1), and the Commissioner does not contest this amount.  (*See generally* Dkt. 30).  There is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff.  (*See* Dkt. 30 at 4).  Counsel provided effective representation.  The hours expended by counsel on the case were reasonable in light of the issues presented.

In this matter, the requested fee would result in a *de facto* hourly rate of $331.82 ($27,308.91 divided by 82.3 hours).  (*See* Dkt. 29-1 at 1).  This rate is roughly 50 percent higher than counsel's usual hourly rate of $194.94 per hour during the years 2016 to 2017 and $206.60 per hour during the years 2018 to 2020.  (*See* Dkt. 29-1 at 1-3).  The effective hourly rate of $331.83 is well within the range of rates approved in this District.  *See, e.g.*, *Jennifer W. v. Saul*, 18-CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y. Apr. 27, 2021) (approving an effective hourly rate of $812.75 where plaintiff prevailed on motion for

judgment on the pleadings); *Douglas M. v. Saul*, 17-CV-1187F, 2021 WL 1298491, at *3 (W.D.N.Y. Apr. 6, 2021) (approving an effective hourly rate of $841.87 where plaintiff prevailed on motion for judgment on the pleadings).

Although Plaintiff does not directly address the factors set forth in *Fields*, neither the overall amount nor the effective hourly rate raises concerns that an award of attorney's fees in the amount of $27,308.91 would constitute a windfall to Plaintiff's counsel under the circumstances in this case.

Having considered the reasoning in the foregoing cases, and the arguments set forth by counsel, the Court concludes that the fee request is reasonable.  The Court also notes that counsel is required to return the previously awarded EAJA fee.  *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee. . . .").  There is a discrepancy in the record as to that amount.  This Court's Order approved the payment of $6,136.02.  (Dkt. 25).  However, both Plaintiff and the Commission state that the amount awarded was $16,286.02 pursuant to the EAJA.  (Dkt. 29-1 at 1; Dkt. 30 at 3).  Plaintiff's counsel also asserts that he received in error a duplicate check in the amount of $5,250.00, which counsel will return to the United States Department of Treasury.  (Dkt. 29-1 at 1). Accordingly, the Court will require further clarification on the EAJA amount from Plaintiff's counsel, as set forth below.

## CONCLUSION

For the foregoing reasons, Plaintiff's § 406(b) motion for attorney's fees (Dkt. 29) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid

attorney's fees in the amount of $27,308.91, out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee to Plaintiff.   Within ten (10) days of the entry of this Decision and Order, Plaintiff's counsel must file a supplemental submission clarifying the amount of that EAJA fee.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED:      June 13, 2022
            Rochester, New York